UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AARON & TARA BARKSDALE, Individually and for the minor child, K.B., | ) ) ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) | Judge _____ |
| v. | ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL:** |
| THE CITY OF GROVE CITY, | ) ) ) | **1ST CAUSE OF ACTION:** For Denial of Access in Violation of the Americans with Disability Act ("title II" and "ADA"), 42. U.S.C. §12101 *et seq.*. |
| & | ) ) | |
| GROVE CITY PARKS & RECREATION DEPARTMENT, | ) ) ) | **2ND CAUSE OF ACTION:** For Denial of Access in Violation of §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, *et seq.* |
| & | ) ) | |
| RICHARD L. STAGE, | ) ) | **3RD CAUSE OF ACTION:** For Violation of the Ohio Consumer Sales Practices Act, R.C. § 1345, *et seq.* |
| & | ) ) | |
| JASON BARNES, | ) ) | **4TH CAUSE OF ACTION:** For Negligent Hiring, Training, Supervision, and Retention |
| & | ) ) | |
| JACK CASTLE, | ) ) | **5TH CAUSE OF ACTION:** For Endangering Children in Violation of O.R.C. §2919.22; Negligence Per Se |
| & | ) ) | |
| DOUGLAS WINKS JR., | ) ) | **6TH CAUSE OF ACTION:** For Battery |
| & | ) ) | **7TH CAUSE OF ACTION:** For Assault |
| JOHN/JANE DOE GOVERNMENTAL EMPLOYEES AND/OR AGENTS, | ) ) ) | **8TH CAUSE OF ACTION:** For Failure to Report in Violation of O.R.C. §2151.421; Negligence Per Se |
| Defendants. | ) ) ) ) ) ) | **9TH CAUSE OF ACTION:** For Intentional Infliction of Emotional Distress |

|  | ) | **10TH CAUSE OF ACTION:** For Breach of Fiduciary Duty |
|--|---|--|
|  | ) | **11TH CAUSE OF ACTION:** For Promissory Estopple |
|  | ) | **12TH CAUSE OF ACTION:** For Negligent Misrepresentation |
|  | ) | **13TH CAUSE OF ACTION:** For Loss of Consortium |
|  | ) | **14TH CAUSE OF ACTION:** For Respondeat Superior |

***

Plaintiffs TARA BARKSDALE and AARON BARKSDALE, individually and for the minor child K.B., Complains of Defendant Grove City Parks and Recreation Department, Defendant Jason Barnes, Defendant Jack Castle, Defendant Douglas Winks Jr., Defendant Richard L. Stage, and Defendant John/Jane Doe, and alleges as follows:

**INTRODUCTION**

1.      This is a civil rights action for discrimination against persons with mental and emotional disabilities, of which plaintiff is a member of, for failure to accommodate reasonable requests to participate in a public baseball league, discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title II" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and 42. U.S.C. §§ 12203(a), *et seq.*, the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, *et seq.*, and Ohio law.

2.      Plaintiff K.B. is a person with mental and emotional disabilities who, on or about June 3, 2024, through August 10, 2024, was an invitee, guest, patron, or customer in Defendant Grove City Parks and Recreation Department's (hereinafter "GCPRD") baseball league. Defendants failed to provide proper legal access to the government programs, services, and/or activities. The denial of access was in violation of federal legal requirements, and K.B. suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

3.      Furthermore, Plaintiffs Aaron Barksdale, Tara Barksdale, and K.B. (collectively, "Plaintiffs") allege that Defendants committed various torts against Plaintiffs while hiring Defendant Winks, during Defendant Winks's interactions with K.B., and by allowing Defendant Winks to continue coaching after Defendant Winks's treatment of K.B.

**JURISDICTION AND VENUE:**

4.      **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and §1345 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

5.      **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the events which are the subject of this action were located in this district, in the City of Grove City, County of Franklin, State of Ohio and that Plaintiffs' causes of action arose in this district.

**PARTIES:**

6.      Plaintiff K.B. is a "disabled person" and a "person with disabilities." K.B. is a "person with disabilities," as defined by all applicable United States laws. K.B. has autism and struggles with several mental and emotional symptoms. Consequently, K.B. is a member of that portion of the public whose rights are protected by the provisions of the ADA.

7.     Plaintiffs AARON AND TARA BARKSDALE (the "Barksdales") are the father and mother of K.B. and have sole custody and control of the minor child, K.B.

8.     Defendant THE CITY OF GROVE CITY ("Grove City") is a municipality located in the state of Ohio. Upon information and belief, Grove City is a public entity. Upon information and belief, Grove City is a recipient of federal funds.

9.     Defendant GROVE CITY PARKS & RECREATION DEPARTMENT ("GCPRD") is a division of the municipality Grove City. GCPRD operates, among others, a youth fall baseball league, a government program, service, and/or activity, and subject to the Americans with Disability Act of 1990 ("TITLE II" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

10.    At all relevant times to this complaint, Defendant RICHARD L. STAGE ("Stage") was the mayor of Grove City.

11.    At all relevant times to this complaint, Defendant JASON BARNES ("Barnes") was the Sports & Fitness Supervisor for Defendant GCPRD. Upon information and belief, Barnes and GCPRD have an employee-employer relationship.

12.    At all relevant times to this complaint, Defendant JACK CASTLE ("Castle") was the Parks and Recreation Director for Defendant GCPRD. Upon information and belief, Castle and GCPRD have an employee-employer relationship.

13.    At all relevant times to this complaint, Defendant DOUGLAS WINKS JR. ("Winks") was a head baseball coach in the league operated by Defendant GCPRD for the team the Bulls.

14.    At all relevant times to this complaint, Defendant JOHN/JANE DOE ("Doe") was a Site Coordinator for the league operated by Defendant GCPRD. Upon information and belief,

Doe and GCPRD have an employee-employer relationship. At this time, the identity of Doe is unknown to Plaintiffs but known to Defendant GCPRD.

**PRELIMINARY FACTUAL ALLEGATIONS:**

15.     Defendant Stage, as the mayor of Grove City, oversees Defendant GCPRD's operations.

16.     Defendant Grove City oversees Defendant GCPRD's operations, as GCPRD is a division of Grove City.

17.     Defendant GCPRD is the entity that oversees the youth baseball league which is a government program, service, and/or activity subject to the requirements of the Americans with Disability Act of 1990 ("TITLE II" and "ADA"), 42 U.S.C. §§ 12181 *et seq.*

18.     Plaintiff K.B. is a person with a disability. K.B. is a "mentally disabled person" and/or an "emotionally disabled person" as defied by all applicable United States laws. Due to certain health conditions, K.B. struggles with following social norms, maintaining eye contact, emotional regulation, and other mental and emotional processes.

19.     At all times referred to herein and continuing to the present time, Defendant GCPRD held out the youth baseball league as being accessible to disabled individuals.

20.     From about June, 3 2024, through August 10, 2024, K.B. was an invitee, patron, and guest within the youth baseball league, attending practices and attempting to enjoy the public program offered by GCPRD.

21.     When signing up K.B. up for the youth baseball league, representatives of GCPRD assured the Barksdales that K.B.'s disability would not be a problem, and that the youth baseball team was disability friendly and that K.B.'s disability would be accommodated by the coaching staff.

22.     At the time of signing up for the baseball league, the Barksdales informed GCPRD of all K.B.'s relevant special needs due to his disability, which include the following:

    a.  K.B. not being able to make eye contact with others;

    b.  K.B. needing specific instructions when placed in a new situation;

    c.  K.B. needing to be limited to one or two spots on the field to limit overwhelming him with new situations;

    d.  K.B. being allowed to self-stimulate and/or self-soothe by doing things such as spinning in circles, throwing dirt upward, etc.; and

    e.  K.B. being allowed to step away from other individuals when self-stimulating and/or self-soothing to avoid injury to another person.

23.      At that time, Plaintiff Aaron Barksdale signed up to help as an assistant coach for K.B.'s team.

24.     GCPRD assigned K.B. and Aaron Barksdale to the Bulls team.

25.     The Barksdales later learned that Defendant Winks was the head coach for the Bulls team.

26.     Upon learning that Defendant Winks was going to be K.B.'s head coach, the Barksdales called Winks to personally inform him of K.B.'s accommodation requests, which included, but was not limited to, K.B. occasionally stepping out of line to self-stimulate, K.B. not keeping eye contact, and K.B. being limited to one or two positions on the field.

27.     Defendant Winks acknowledged the accommodation requests but informed the Barksdales that "we'll see how it goes" because he "does things [his] own way."

28.     At the first practice, on or about July 30, 2024, Defendant Winks informed K.B. and the Barksdales that K.B. would be changing field positions frequently, deliberately disregarding one of K.B.'s accommodation requests.

29.     The Barksdales reiterated that K.B. would need to stay in one or two positions on the field to stay emotionally and mentally regulated, to which Defendant Winks responded that they will "work it out" and reiterated that he "does things [his] own way."

30.     Defendant Winks was absent for the following two practices, so Aaron Barksdale coached the second and third practices. At these practices, K.B. was allowed to mentally and emotionally regulate himself through the requested accommodations.

31.     A parent of another child on the team was not pleased with K.B.'s self-regulation techniques and complained to the league that K.B. was being disruptive during practice.

32.     In response to the complaint, GCPRD sent Jane Doe, the on-site Site Coordinator, and Castle, the Parks and Recreation Director, to observe the fourth practice.

33.     Defendant Winks returned to coach the fourth practice on or about August 10, 2024.

34.     During the fourth practice, Winks violated nearly every accommodation request that the Barksdales requested for K.B., by:

   a.  Winks frequently moved K.B.'s field position,

   b.  Winks refused to explain his directions to K.B. other than to "do what you're told," and Winks physically placed both hands on K.B.'s helmet in order to pull back K.B.'s head to force K.B. to make eye contact.

35.     Through this practice, K.B. was crying, begging for explanations, and was overwhelmed at the lack of direction and frequent changes. Winks did nothing but knowingly exacerbate the struggles K.B. faces with his condition.

36.     On or about August 12, 2024, Plaintiff Tara Barksdale complained about the events of the fourth practice to GCPRD but was brushed off and offered a refund for the season instead of any discipline against or discussion with Defendant Winks.

37.     Plaintiff Tara Barksdale contacted the Grove City Police Department over the issue, but no charges were pressed against Defendant Winks.

38.     Plaintiff K.B. has become overreactive and self-harming after the incident with Defendant Winks.

39.     Plaintiff K.B. was embarrassed, humiliated, and overwhelmed by Defendants' actions and omissions.

40.     Therefore, upon the treatment of K.B. while using the government program, K.B. personally was not given an equal opportunity to use Defendant GCPRD's programs, services, and activities.

41.     As a legal result of Defendants' failure to act as a reasonable and prudent public program, service, and/or activity in identifying, removing, or creating policies, practices, and procedures that denied access to Plaintiff K.B. and other persons with disabilities, Plaintiff K.B. suffered damages as alleged herein.

42.     As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to accommodate a reasonable accommodation request as set forth herein, K.B. was denied his civil rights to full and equal participation in government programs, services, and activities. K.B. suffered a loss of his civil rights and his rights as a person with

mental and/or emotional disabilities to full and equal enjoyment of government programs, services, and activities and further suffered from shame, humiliation, embarrassment, anger, disappointment, and worry, expectedly and naturally associated with a person with K.B.'s condition being denied enjoyment, all to his damages as prated hereinafter in an amount within the jurisdiction of this court.

43. Plaintiffs, as described herein below, seek injunctive relief to require GCPRD to become accessible to meet the requirements of the Americans with Disabilities Act, whichever is more restrictive, so long as Defendants operate government programs, services, and activities. Plaintiffs seek damages for personal injury and for violation of civil rights, from the date of K.B.'s signing up for the baseball league until such date as Defendants bring the program into full compliance with the requirements of federal law.

44. On information and belief, Defendants have been negligent in their affirmative duty to identify the policy barriers, among others, complained of herein and negligent in the removal of some or all said barriers.

45. Because of Defendants' violations, K.B. and other persons with mental and/or emotional disabilities are unable to use government programs, services, and activities such as those operated by Defendants on a "full and equal" basis unless such programs, services, and activities are in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling Defendants to make the youth baseball league accessible to persons with disabilities.

**CAUSES OF ACTION**

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

46. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 45 of this complaint.

47.     GCPRD has discriminated and continues to discriminate against K.B. and other qualified individuals with disabilities by excluding them from participating in or denying them the benefits, services, programs or activities of the public entity, due to GCPRD's deliberate indifference and failure to comply with reasonable requests for accommodation, which is required by Title II of the ADA. As currently operated, the baseball league program is inaccessible to disabled persons.

48.     On information and belief, the violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

49.     This Court has the authority to grant Plaintiffs' request for injunctive relief under the ADA, including an order to alter the policies of GCPRD to make them readily accessible to and usable by disabled persons. 28 C.F.R. 36.501.

50.     K.B.'s counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from GCPRD. 42 U.S.C. § 12205.

51.     Compensatory damages and other relief are also available to K.B. due to GCPRD's deliberate indifference in failing to accommodate K.B.'s and the Barksdale's reasonable requests. 42 U.S.C. § 12133.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS IN VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973, AS AMENDED (29 U.S.C. §701, *et seq.*)

52.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 51 of this complaint.

53.     Upon information and belief, Grove City receives federal monies, which makes it subject to § 504 of the Rehabilitation Act.

54.     The GCPRD has denied and continues to deny K.B. equal access to the benefits of

participation in its services, programs and activities, by not providing the disabled with the same meaningful choices regarding self-sufficiency. Upon information and belief, GCPRD has violated the Rehabilitation Act through its deliberate indifference in failing to remediate certain barriers to access.

55.     K.B. has been damaged by GCPRD's refusal to remove barriers to equal access and enjoyment by disabled persons, which has the purpose and effect of discriminating against K.B. and other similarly situated persons solely because of their disabilities.

56.     This Court has the authority to grant K.B.'s request for injunctive relief under the Rehabilitation Act, including an order to alter the policies of GCPRD to make them readily accessible to and usable by disabled persons. 28 C.F.R. 36.501.

57.     K.B.'s counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from GCPRD. 42 U.S.C. § 12205.

58.     Compensatory damages and other relief are available to K.B. 29 U.S.C. § 794a(a)(2).

## III.    THIRD CAUSE OF ACTION FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. § 1345. *ET SEQ.*

59.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

60.     K.B. is a consumer, GCPRD is a supplier, and the transaction which occurred here, the payment and utilization of a youth baseball league, is a consumer transaction as defined by R.C. § 1345.01.

61.     GCPRD's actions violate the non-exhaustive list of per se violations set forth in R.C. § 1345.02, specifically R.C. §  1345.02(B)(1), (2), (4), and (10); and R.C. § 1345.03, specifically R.C. § 1345.03(B)(1), (3), and (6); as well as the Ohio Administrative Code,

specifically A.C. Rule 109:4-3-10, as incorporated into the Consumer Sales Practices Act. GCPRD's actions are unfair, deceptive, and/or unconscionable.

62. As a direct and proximate result of GCPRD's unfair, deceptive, and unconscionable acts and practices, Plaintiffs have suffered actual economic damages, compensatory, incidental, and consequential damages. K.B. has suffered noneconomic damages in the form of frustration, anxiety, inconvenience, and other intangible loss. Plaintiffs have incurred costs and attorney fees. GCPRD's actions are subject to trebling pursuant to R.C. 1345.09. Because GCPRD's actions were volitionally and knowingly committed, said unfair, deceptive, and unconscionable acts and practices are subject to attorney fees pursuant to R.C. 1345.09.

## IV. FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

63. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 62 of this complaint.

64. During all relevant times herein, Defendants, including Defendants GCPRD and Stage, were, and are, in the business of maintaining and operating a baseball league and providing services to children, some of which have special needs, with mental disability, and/or who are handicapped, such as K.B.

65. As entities who provide services to children with special needs, GCPRD and Stage had a duty of ordinary care to K.B. to hire coaches, who were competent and qualified to perform their designated duties and responsibilities, and to properly train and supervise such coaches to keep their players safe from harm.

66. GCPRD and Stage breached their duty of care to K.B. when they hired Winks, as a baseball coach, about whom they knew, or had reason to know, was not competent or qualified to

properly discharge his duties and responsibilities to K.B., including, without limitation, the way he retaliated against and/or handled K.B., in light of his medical, mental and emotional condition.

67.     Further, GCPRD and Stage breached their duty of care to K.B. when, upon information and belief, they failed to properly train and/or supervise Winks in the discharge of his duties and responsibilities as a baseball coach, including, without limitation, following and adhering to their protocols, policies and guidelines in coaching and over overseeing their players, such as K.B.

68.     Further, GCPRD and Stage breached their duty of care to K.B., and other players, when they retained Winks as a coach, despite their knowledge of Winks's incompetency and lack of qualification prior to his wrongful conduct upon K.B. and continuing to retain Winks after having full knowledge of his wrongful conduct upon K.B. and full knowledge of Winks's failure to follow protocols and guidelines, which were designed to keep the players safe, including K.B.

69.     Further, GCPRD and Stage breached their duty of care to K.B., and other players, when they retained Winks, after having full knowledge of his wrongful conduct upon K.B. and full knowledge of Winks's failure to follow protocols and guidelines, designed to keep the players safe, including K.B.

70.     GCPRD and Stage knew, or should have known, that their conduct in hiring and retaining Winks and their failure to properly train and supervise Winks would, and, in this case, did, directly and proximately cause great bodily harm to K.B. and the Barksdales.

71.     As a result, K.B. suffered, and continues to suffer, damages in excess of $25,000.00, the true amount of which shall be proven in court.

## V.     FIFTH CAUSE OF ACTION FOR ENDANGERING CHILDREN IN VIOLATION OF O.R.C. §2919.22; NEGLIGENCE PER SE

72.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 71 of this complaint.

73.     Section 2919.22, Endangering children, of the Ohio Revised Code (R.C.), provides, in part:

> (A)     No person, who is the . . . custodian, person having custody or control, . . . of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.  * * *

74.     R.C. §2919.22(A) creates a mandatory duty to prevent a substantial risk of harm to a child under 18 years of age, who is under his/her/its/their custody or control.

75.     During all relevant times herein, pursuant to R.C. §2919.22(A), K.B. was under the custody and/or control of GCPRD, Stage, and Winks.

76.     Pursuant to R.C. §2919.22(A), GCPRD, Stage, and Winks had a duty of care to protect K.B. from danger and prevent harm, as he was a child under 18 years of age and who was handicapped and required special needs.

77.     GCPRD and Stage created a substantial risk of harm to K.B., including his health and safety, by hiring and engaging the services of Winks, who was incompetent, unqualified and lacked proper training and supervision, about which GCPRD and Stage knew or should have known.

78.     Further, Winks created a substantial risk of harm to K.B., including his health and safety, by denying the Barksdales' reasonable requests regarding treatment of K.B. and by physically forcing K.B.'s head up by grabbing K.B.'s helmet.

79.     As a result, GCPRD, Stage, and Winks were in violation of R.C. §2919.22(A); as such, GCPRD, Stage, and Winks were negligent per se.

80. As a further result, K.B. suffered, and continues, damages in excess of $25,000.00, the true amount of which shall be proven in court.

## VI. SIXTH CAUSE OF ACTION FOR BATTERY

81. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 80 of this complaint.

82. During all relevant times herein, on or about August 10, 2024, Winks intended to harm K.B. by grabbing his helmet and forcing his head backwards so that K.B. would look at Winks.

83. As a result, K.B. suffered physical and emotional injuries.

84. As a further result, K.B. suffered, and continues to suffer, damages in excess of $25,000.00, the amount of which shall be proven in court.

## VII. SEVENTH CAUSE OF ACTION FOR ASSAULT

85. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 84 of this complaint.

86. During all relevant times herein, on August 10, 2024, Winks approached K.B. intending to intimidate and threaten K.B. in a violent manner, under which K.B. was in apprehension of being immediately harmed in a physical manner.

87. As a result of Winks's intentional conduct, K.B. to suffer, and continues to suffer, physical and emotional injuries.

88. As a further result, K.B. suffered, and continues to suffer, damages in excess of $25,000.00, the amount of which shall be proven in court.

## VIII. EIGHTH CAUSE OF ACTION FOR FAILURE TO REPORT IN VIOLATION OF O.R.C. §2151.421; NEGLIGENCE PER SE

89. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 81 of this complaint.

90. R.C. §2151.421, Reporting child abuse or neglect, provides, in part:

(A)(1)

(a) No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows, or has reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age, or a person under twenty-one years of age with a developmental disability or physical impairment, has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child shall fail to immediately report that knowledge or reasonable cause to suspect to the entity or persons specified in this division. Except as otherwise provided in this division or section 5120.173 of the Revised Code, the person making the report shall make it to the public children services agency or a peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred. * * *

(b) Division (A)(1)(a) of this section applies to any person who is an … administrator or employee of a[n] … other public or private children services agency …

91. R.C. §2151.01 provides, in part:

The sections in Chapter 2151. of the Revised Code … shall be liberally interpreted and construed so as to effectuate the following purposes: (A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code …

92. R.C. §2151.241 creates a mandatory duty to report abuse of children under 18 years of age and persons under 21 years of age who are mentally disabled or physically impaired.

93. During all relevant times herein, under R.C. §2151.241, GCPRD was an administrator of a public children services agency.

94. During all relevant times herein, under R.C. §2151.241, Doe and Castle were employees of GCPRD.

95.     During all relevant times herein, K.B. was a minor under 18 years of age; further, K.B. was under 21 years of age with a developmental disability.

96.     On or about August 10, 2024, both Doe and Castle became aware, and had knowledge, of Winks retaliating against K.B. and placing his hand on K.B.'s helmet to force K.B.'s head up.

97.     Upon information and belief, on or about August 10, 2024, Doe and Castle, within view or presence, both witnessed Winks grabbing K.B.'s helmet and forcing K.B.'s head up to face him.

98.     Said incident was an event reasonably giving rise to an abuse of K.B. by Winks.

99.     Despite this awareness and knowledge of abuse, GCPRD and Doe failed and/or refused to report the incident to a peace officer, in accordance with R.C. §2151.241.

100.    As a result, GCPRD and Doe were in violation of R.C. §2151.241; in violation thereof, GCPRD and Doe were negligent per se.

101.    GCPRD and Doe knew, or should have known, that their failure to report the incident to a peace officer would, and, in this case, did, cause substantial harm to K.B. and the Barksdales.

102.    As a further result, K.B. and the Barksdales suffered, and continue to suffer, damages in excess of $25,000.00, the amount of which shall be proven in court.

## IX.    NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

103.    Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 102 of this complaint.

104.    During all relevant times herein, GCPRD, Doe, and Winks knew, or should have known, that K.B. was a minor child, who required special needs and/or was disabled.

105. During all relevant times herein, GCPRD, Doe, and Winks knew, or should have known, that children, such as K.B., required special care and treatment while they played baseball for the league.

106. During all relevant times herein, GCPRD knew, or should have known, that by placing a baseball coach, who was unqualified, incompetent and who lacked proper training and supervision, would expose children, including K.B., to great harm.

107. During all relevant times herein, Winks knew, or should have known, that in grabbing K.B.'s helmet to force K.B. to look at Winks, about which GCPRD and Doe knew, or should have known, was an extreme and outrageous conduct, which goes beyond all possible bonds of decency, would, and, in this case, did, cause K.B. to suffer severe emotional distress and psychic injuries; under such circumstances, GCPRD, Doe, and Winks intended K.B. to suffer said severe emotional distress and psychic injuries.

108. As a further result, K.B. suffered, and continues to suffer, damages in excess of $25,000.00, the amount of which shall be proven in court.

## X.   TENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

109. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 108 of this complaint.

110. During all times relevant herein, GCPRD received tax-exempt status as a private, non-profit entity engaged in having custody and control of minor students, who are disabled and/or with special needs.

111. During all relevant times herein, based on said tax-exempt status and receipt of public funds, GCPRD had a duty to employ competent and qualified coaches and other staff members for the maintenance and operation of GCPRD's baseball league.

COMPLAINT - 18

112.    During all relevant times herein, based on GCPRD's tax-exempt status and receipt of public funds, out of which Doe and Winks received their compensation, GCPRD, Doe, and Winks, collectively, created a fiduciary relationship with K.B. and his parents, pursuant to which a duty was owed to K.B. and his parents, the Barksdales.

113.    Defendants breached their fiduciary duty to K.B. and the Barksdales when (1) GCPRD and Stage employed an unqualified and incompetent, and failed to properly train and supervise, a baseball coach, (2) Winks battered and assaulted K.B., (4) R.C. §2919.22 and R.C. §2151.421 were violated, and (5) they intentionally inflicted severe emotional harm to K.B.

114.    Defendants' breach of their fiduciary duty directly and proximately caused K.B. to suffer bodily injuries and emotional harm and directly and proximately caused the Barksdales to suffer emotional harm.

115.    As a result, K.B. and the Barksdales suffered, and continue, damages in excess of $25,000.00, the amount of which shall be proven in court.

## XI.    ELEVENTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

116.    Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 115 of this complaint.

117.    Coordinators of the GCPRD baseball league made clear and unambiguous promises to Plaintiffs that K.B.'s reasonable accommodations would be honored.

118.    Plaintiffs relied on the promise that K.B. would be allowed to emotionally regulate himself in the methods he had been taught, especially considering his condition and the trust K.B. and the Barksdales placed in GCPRD.

119.    As a result of GCPRD's Promissory Estoppel, K.B. has been injured in an amount exceeding $25,000, plus punitive damages.

120.    Consequently, K.B. is entitled to an amount exceeding $25,000, plus punitive

damages.

## XII.    TWELTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

121.    Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 120 of this complaint.

122.    As a result of GCPRD's Negligent Misrepresentation, K.B. has been injured in an

amount exceeding $25,000, plus punitive damages.

123.    Consequently, K.B. is entitled to an amount exceeding $25,000, plus punitive

damages.

## XIII.    THIRTHEENTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM

124.    Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 123 of this complaint.

125.    During all relevant times herein, the Barksdales and K.B. maintained a parent-

child relationship.

126.    Prior to Defendants' wrongful conduct, the Barksdales enjoyed the services,

society, companionship, comfort, love and solace from their son, K.B.

127.    After Defendants' conduct, which resulted in substantial bodily and emotional

injuries to K.B., the Barksdales no longer receive the same services, society, companionship,

comfort, love and solace that they enjoyed from their son, K.B.

128.    As a further result, the Barksdales suffered, and continues to suffer, damages in

excess of $25,000.00, the amount of which shall be proven in court.

## XIV.    FOURTEENTH CAUSE OF ACTION FOR RESPONDEAT SUPERIOR

129.    Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 128 of this complaint.

130.    During all relevant times herein, GCPRD and Winks maintained an employer-employee relationship.

131.    In the course of said relationship, Winks discharged their duties and responsibilities in the course and scope of their employment with GCPRD.

132.    Under the theory of respondeat superior, the acts and omissions of Winks are regarded as the acts and omission of GCPRD; as such, GCPRD is vicariously liable for the acts and omissions of Winks.

133.    As a result, GCPRD are liable for damages to the Barksdales, individually and for and on behalf of K.B., in excess of $25,000.00, the amount of which shall be proven in court.

**PRAYER:**

Wherefore, Plaintiffs K.B., Tara Barksdale, and Aaron Barksdale pray that this court grant relief and damages as follows:

I.    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

1.    For a judgment against the Grove City Parks and Recreation Department, Grove City, Jason Barnes, and Richard L. Stage and request that the Court enter an Order:

a.    Declaring that the policies, procedures, and services provided by GCPRD are discriminatory and violate the ADA;

b.    Requiring GCPRD to remove all barriers to equal participation in the department's benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by Title II of the ADA;

    c. Directing GCPRD to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow GCPRD to undertake and complete corrective procedures;

    d. Mandating that GCPRD undertake the required self-evaluation and create a Transition Plan that shall be available to the public and indicate the official responsible for the implementation of such a plan. At a minimum, the Transition Plan will identify obstacles in the policies that limit accessibility of its programs or activities; describe methods to be used to make the policies accessible; and provide a schedule for achieving compliance with the Transition Plan and with the ADA;

    e. Mandating GCPRD to expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures, and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

    f. Awarding reasonable attorneys' fees, costs (including expert's fees), and other expenses of suit to Plaintiffs; and

    g. Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiffs.

## II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS IN VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973, AS AMENDED (29 U.S.C. §701, *et seq.*)

    2. For a judgment against the Grove City Parks and Recreation Department, Grove City, Jason Barnes, and Richard L. Stage and request that the Court enter an Order:

COMPLAINT - 22

a. Declaring that the policies, procedures, and services provided by the Defendant are discriminatory and violate the Rehabilitation Act;

b. Requiring that GCPRD remove all barriers to equal participation in the Defendant's benefits, services, programs, or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by the Rehabilitation Act;

c. Directing GCPRD to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow the GCPRD to undertake and complete corrective procedures;

d. Mandating GCPRD to expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures, and to take such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

e. Awarding reasonable attorneys' fees, costs (including expert's fees), and other expenses of suit to Plaintiffs; and

f. Awarding compensatory damages and such other relief that the Court deems proper to Plaintiffs.

## III. PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. § 1345. *ET SEQ.*

3. For a judgment against the Grove City Parks and Recreation Department, Grove City, Jason Barnes, and Richard L. Stage and request that the Court enter an Order:

a. Granting damages greater than $25,000, including compensatory, incidental, consequential, and special damages;

b. Granting damages pursuant to R.C. 1345.01 et seq, including 1345.09 for actual economic damages, statutory damages, noneconomic damages, and costs and reasonable attorney fees, pursuant to R.C. 1345.09(F)(2);

c. For a declaratory judgment finding acts and practices are unfair, deceptive, and unconscionable practices, pursuant to R.C. 1345.01 and 1345.09;

d. Granting interest, including prejudgment and post judgment interest;

e. Award such other relief that the Court deems proper to Plaintiffs.

## IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

4.   For judgment against Defendants Richard L. Stage, Jason Barnes, Grove City, and Grove City Parks and Recreation Department and that the Court:

a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

b. Award such other relief that the Court deems proper to Plaintiffs.

## V.    PRAYER FOR FIFTH CAUSE OF ACTION FOR ENDANGERING CHILDREN IN VIOLATION OF O.R.C. §2919.22; NEGLIGENCE PER SE

5. For judgment against Defendants Grove City Parks and Recreation Department, Grove City, Jason Barnes, and Douglas Winks Jr. and that the Court:

a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

b. Award such other relief that the Court deems proper to Plaintiffs.

## VI.    PRAYER FOR SIXTH CAUSE OF ACTION FOR BATTERY

6. For judgment against Defendant Douglas Winks Jr. and that the Court:

a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

b. Award such other relief that the Court deems proper to Plaintiffs.

**VII.    PRAYER FOR SEVENTH CAUSE OF ACTION FOR ASSAULT**

7.  For judgment against Defendant Douglas Winks Jr. and that the Court:

    a.  Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b.  Award such other relief that the Court deems proper to Plaintiffs.

**VIII.    PRAYER FOR EIGHTH CAUSE OF ACTION FOR FAILURE TO REPORT IN VIOLATION OF O.R.C. §2151.421; NEGLIGENCE PER SE**

8.  For judgment against Defendants Grove City Parks and Recreation Department, Grove City, Jason Barnes, Jane/John Doe, and Castle and that the Court:

    a.  Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b.  Award such other relief that the Court deems proper to Plaintiffs.

**IX.    PRAYER FOR NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9.  For judgment against Defendants Richard L. Stage, Jason Barnes, Grove City Parks and Recreation Department, Grove City, Douglas Winks Jr., Jane/John Doe, and Castle and that the Court:

    a.  Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b.  Award such other relief that the Court deems proper to Plaintiffs.

**X.    PRAYER FOR TENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**

10.  For judgment against Defendants Richard L. Stage, Jason Barnes, Grove City, and Grove City Parks and Recreation Department and that the Court:

    a.  Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b.  Award such other relief that the Court deems proper to Plaintiffs.

XI. **PRAYER FOR ELEVENTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL**

11. For judgment against Defendants Grove City Parks and Recreation Department and

Grove City and that the Court:

    a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b. Award such other relief that the Court deems proper to Plaintiffs.

XII. **PRAYER FOR TWELTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

12. For judgment against Defendants Grove City Parks and Recreation Department and

Grove City and that the Court:

    a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b. Award such other relief that the Court deems proper to Plaintiffs.

XIII. **PRAYER FOR THIRTEENTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM**

13. For judgment against all Defendants and that the Court:

    a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b. Award such other relief that the Court deems proper to Plaintiffs.

XIV. **PRAYER FOR FOURTHEENTH CAUSE OF ACTION FOR RESPONDEAT SUPERIOR**

14. For judgment against Defendants Grove City Parks and Recreation Department and

Grove City and that the Court:

    a. Grants relief and damages in excess of $25,000.00, as to each Defendant; and

    b. Award such other relief that the Court deems proper to Plaintiffs.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

*Attorney for Plaintiffs*

### JURY DEMAND

Plaintiffs K.B., Tara Barksdale, and Aaron Barksdale demand a trial by jury of all issues

so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 17, 2024.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

*Attorney for Plaintiffs*